IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VIMALA AGRAWAL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-11-164-M ) |
| RAYMOND H. LAHOOD, Secretary, U.S. Dept. of Transportation, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is defendant's Motion to Dismiss, filed October 4, 2011. On October 24, 2011, plaintiff filed her response. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

On February 17, 2011, plaintiff filed the instant action. Because the record did not indicate whether service had been obtained on defendant, on July 13, 2011, this Court, *sua sponte*, directed plaintiff to serve defendant on or before August 1, 2011. Because she had been unsuccessful in her attempted service of defendant Raymond H. LaHood, on August 1, 2011, plaintiff filed a motion to extend time for service of summons. On August 4, 2011, the Court granted plaintiff's motion and extended the time for plaintiff to serve defendant until September 1, 2011. On September 6, 2011, plaintiff filed her proof of service indicating that defendant Raymond H. LaHood had been served on August 8, 2011.

Defendant now moves this Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (5), to dismiss this action. Specifically, defendant contends that this action should be dismissed for failure of service and for failure to exhaust.

II.  Discussion

  A.  Failure of service

To effect service of process on an officer of the United States acting in an official capacity, the plaintiff must deliver a copy of the summons and complaint to the United States Attorney for the district in which the suit is brought and send a copy of the summons and complaint by registered or certified mail to both the Attorney General of the United States and the applicable officer. *See* Fed. R. Civ. P. 4(i)(1),(2). Federal Rule of Civil Procedure 4(m) provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Further, the advisory committee's note to Rule 4(m) states: "A specific instance of good cause is set forth in paragraph (3) of this rule [now Rule 4(i)(4)], which provides for extensions if necessary to correct oversights in compliance with the requirements of multiple service in actions against the United States or its officers, agencies, and corporations." Fed. R. Civ. P. 4(m) advisory committee's note (1993). Additionally, the Tenth Circuit has held that "the complex nature of the requirements of Fed.R.Civ.P. 4(i), particularly when the plaintiff is proceeding pro se, should be a factor for the district court's consideration when it determines whether a permissive extension of time should be granted under Rule 4(m)." *Espinoza v. United States*, 52 F.3d 838, 842 (10th Cir. 1995).

In the case at bar, it is undisputed that plaintiff has not fully complied with the rules for serving an official of the United States within the applicable time period. However, in light of the totality of the circumstances, and the advisory committee's notes, the Court finds that this action

should not be dismissed based upon plaintiff's failure to properly serve defendant but that plaintiff should be given a short extension of time to serve the United States Attorney for the Western District of Oklahoma.[1]  Specifically, the Court finds that based upon the advisory committee's note to Rule 4(m), the failure of plaintiff, who was proceeding pro se, to comply with the complex service requirements of Rule 4(i) would constitute good cause justifying a mandatory extension of time to serve defendant.  Additionally, even if plaintiff's failure to comply with the complex service requirements does not constitute good cause, the Court finds that plaintiff should be granted a permissive extension of time.  Plaintiff has previously never been advised of the relevant deficiencies in serving defendant and has previously not been granted any extension of time to cure the identified deficiencies.  Further, the Court finds defendant will not be prejudiced by any extension of time for service, particularly in light of the fact that it is clear that defendant is aware of this action since he has filed a motion to dismiss.  Finally, the Court finds that a denial of defendant's motion to dismiss and an extension of time to serve is consistent with the policy, set forth in the advisory committee's note, to "save the plaintiff from the hazard of losing a substantive right because of failure to comply with the complex requirements of multiple service under [Rule 4(i)]." Fed. R. Civ. P. 4(i) advisory committee's note [1993].

---

[1] On October 27, 2011, plaintiff filed a proof of service indicating that the Attorney General of the United States had been served on October 17, 2011.  Thus, as of the date of this Order, only the United States Attorney for the Western District of Oklahoma is left to be served to comply with Rule 4(i).

B.   Failure to exhaust

Defendant also contends that this Court must dismiss all claims for relief and causes of action other than those seven discrete promotions which were accepted for investigation by the EEOC and fully exhausted through that process. In her response, plaintiff asserts that she has not failed to exhaust all of her administrative remedies. Specifically, plaintiff asserts that it is undisputed that the seven discrete promotions have been exhausted and that any other allegations set forth in her Complaint are simply background evidence in support of her exhausted claims regarding the seven discrete promotions.

Having carefully reviewed plaintiff's Complaint, the Court finds that it does not appear that plaintiff is asserting any claims in addition to those seven discrete promotions which were accepted for investigation by the EEOC and fully exhausted through that process. However, to the extent that plaintiff is asserting any additional claims, in contrast to providing background evidence, the Court finds that these additional claims should be dismissed for failure to exhaust. *See Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996) ("Exhaustion of administrative remedies is a 'jurisdictional prerequisite' to suit under Title VII.").

III.   Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendant's Motion to Dismiss [docket no. 10] as follows:

(A)   The Court GRANTS the motion to dismiss as to any claims in addition to those seven discrete promotions which were accepted for investigation by the EEOC and fully exhausted through that process, and

(B)   The Court DENIES the motion to dismiss in all other respects.

Additionally, the Court DIRECTS plaintiff to serve the United States Attorney for the Western District of Oklahoma by November 15, 2011.

    **IT IS SO ORDERED this 3rd day of November, 2011.**

*[Signature: Vicki Miles-LaGrange]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE