**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VIMALA AGRAWAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-164-M |
| ) | |
| RAYMOND H. LAHOOD, ) | |
| Secretary, U.S. Department of ) | |
| Transportation, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court are defendant's Motion to Compel Responses to Discovery with LCvR 37.1 Certification, filed May 14, 2012, and plaintiff's Motion for Extension of Time to Respond to Discovery, filed June 4, 2012. On June 11, 2012, defendant filed his objection to plaintiff's motion, and on June 13, 2012, defendant filed his supplement to his objection. Based upon the parties' submissions, the Court makes its determination.

On March 23, 2012, plaintiff was served with defendant's first set of interrogatories, requests for production, and requests for admission. Answers or objections to defendant's discovery requests were due on April 26, 2012. Plaintiff did not respond to defendant's discovery requests by this date. On April 30, 2012, defendant's counsel emailed plaintiff's counsel inquiring as to the status of the delinquent discovery. Having received no response, on May 7, 2012, defendant's counsel telephoned plaintiff's counsel regarding the delinquent discovery; plaintiff's counsel acknowledged the delinquency and promised to respond as soon as possible, and defendant's counsel indicated that he would call plaintiff's counsel on May 11, 2012. Defendant's counsel called plaintiff's counsel on May 11, 2012; plaintiff's counsel was not in, and defendant's counsel left a message inquiring as to the status of the delinquent discovery. On May 14, 2012, defendant's counsel once again

called plaintiff's counsel; plaintiff's counsel was not in, and defendant's counsel left a message inquiring as to the status of the delinquent discovery.

On May 14, 2012, defendant filed a Motion to Compel Responses to Discovery, requesting the Court to order plaintiff to answer or object to the interrogatories and to respond or object to the requests for production within five business days of any order compelling discovery.  On June 4, 2012, the deadline for plaintiff to file her response to defendant's motion to compel, plaintiff filed a Motion for Extension of Time to Respond to Discovery, requesting an additional twenty days to respond to the discovery requests.  In her motion, plaintiff states that on or about April 11, 2012, plaintiff was in an accident that caused severe injury to her leg and cut her hand.  Plaintiff further states that she was taken to the emergency room on several occasions because the pain in her leg continued to worsen and that she sustained further injury and discomfort when she had allergic reactions to medications that were given to her.  Plaintiff also states that she has missed several weeks of work due to the continued pain and discomfort of her injury and that because of the injury and complications it has been impossible for her to communicate with her legal counsel in the preparation of discovery responses.

In his objection to plaintiff's motion, defendant asserts that plaintiff's motion fails to conform to the requirements of Local Civil Rule 7.1(h).  Defendant further asserts that plaintiff has not made a sufficient showing of excusable neglect as required by Federal Rule of Civil Procedure 6(b)(1)(B).  Defendant further notes that plaintiff submits no documentation to support her motion.  Defendant additionally raises the question of why plaintiff's counsel did not contact defendant's counsel to explain the reason for the delay and seek defendant's permission to file the discovery responses out of time.

In his supplement to his objection, defendant sets forth plaintiff's time and attendance records from her workplace.  Based upon these records, it appears that plaintiff was off work for only slightly more than two days during the time prior to the date discovery responses were due on April 23, 2012.  Defendant asserts that these time and attendance records do not provide any basis for an excusable neglect finding to justify any after the fact permission to respond to the discovery requests out of time.

Federal Rule of Civil Procedure 6(b)(1)(B) provides:

> **(1)** ***In General.*** When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> \*          \*          \*
>
> **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1)(B).  In determining whether neglect is "excusable," a court should take into account all relevant circumstances surrounding the party's omission, including "the danger of prejudice to [the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *City of Chanure, Kan. v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) (internal quotations and citation omitted).

Having carefully reviewed the parties' submissions, the Court finds that plaintiff has failed to demonstrate excusable neglect for her failure to respond to defendant's discovery requests.  The Court, therefore, finds that plaintiff's motion for extension of time should be denied.  The Court

further finds that defendant's motion to compel should be granted and that plaintiff should be ordered to respond to defendant's interrogatories and requests for production by June 29, 2012.[1]

Additionally, this Court is quite troubled by the lack of communication by plaintiff's counsel regarding the discovery responses. Plaintiff's counsel did not return defendant's counsel's phone calls, and plaintiff's counsel never advised defendant's counsel regarding plaintiff's alleged medical issues. In fact, the first time defendant's counsel was made aware of the alleged medical issues was when plaintiff filed her motion for extension of time, twenty-one days after defendant's motion to compel was filed. The Court firmly believes that if plaintiff's counsel had communicated with defendant's counsel regarding this matter, both the motion to compel and motion for extension of time would have been unnecessary. Accordingly, the Court finds that plaintiff's counsel should be sanctioned for his conduct by being required to pay for the reasonable expenses incurred by defendant, including attorney's fees, in preparing the motion to compel and defendant's objection and supplement to his objection to plaintiff's motion for extension of time.

Therefore, for the reasons set forth above, the Court DENIES plaintiff's Motion for Extension of Time to Respond to Discovery [docket no. 27], GRANTS defendant's Motion to Compel Responses to Discovery [docket no. 26], and ORDERS plaintiff to respond to defendant's interrogatories and requests for production by June 29, 2012. Additionally, the Court SANCTIONS plaintiff's counsel for his conduct in relation to this discovery matter and ORDERS him to pay for the reasonable expenses incurred by defendant, including attorney's fees, in preparing the motion

---

[1] Pursuant to Federal Rule of Civil Procedure 36(a)(3), when plaintiff did not respond to defendant's requests for admission by the deadline, these requests were deemed admitted.

to compel and defendant's objection and supplement to his objection to plaintiff's motion for extension of time.

**IT IS SO ORDERED** this 25th day of June, 2012.

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE