IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VIMALA AGRAWAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-164-M |
| | ) | |
| RAY LAHOOD, SECRETARY, | ) | |
| DEPARTMENT OF TRANSPORTATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This case is scheduled for trial on the Court's October 2012 trial docket.

Before the Court is defendant's Motion for Summary Judgment in Employment Discrimination Case, filed August 27, 2012. On September 13, 2012, plaintiff filed her response, and on September 20, 2012, defendant filed his reply. Based upon the parties' submissions, the Court makes its determination.

I.  Background

Plaintiff is a sixty-three year-old, brown complected, Hindu, Asian female naturalized United States citizen who has engaged in prior protected activity. She is a long time employee of the Federal Aviation Administration ("FAA") at the Mike Monroney Aeronautical Center ("MMAC") for the Power Services Group ("PSG"), Operations Engineering branch, employed as a computer/general engineer. Plaintiff challenges her non-selection for seven supervisory engineer positions with the FAA in the summer and early fall of 2007.[1] For each non-selection, she claims

---

[1] The Court will use a short-hand reference to each of the positions. Each position will be identified by VA for "Vacancy Announcement" followed by a single digit between 1-7 to indicate one of the seven contested selections, followed by a hyphen and the last four numbers of the vacancy announcement number.

discrimination on the basis of race, sex, age, color, religion, national origin, and reprisal for previous protected activity. Defendant denies any illegal discrimination and claims that there was a legitimate, non-discriminatory reason for each of the selections.

Six of the seven selections were for supervisory positions located in Oklahoma City within an FAA organization referred to as National Air Way System Engineering ("NAS Engineering") and answering to the NAS Engineering manager, James Pritchard. Five of the six Oklahoma City positions were for Supervisory General Engineers, and one of the six was for a HAS Operations Supervisor. The seventh selection was for a supervisory manager in Washington DC for the PSG and answering to the PSG manager, Robert Morgan.[2] Mr. Pritchard was the selecting official for the six Oklahoma City positions, and HR Specialist Scott Wagner performed staffing services for the six Oklahoma City positions. Mr. Morgan was the selecting official for the Washington DC position.

All of the Oklahoma City selections except the last, VA 6-6386, were announced on March 22, 2007 and closed on April 4, 2007. The last selection, VA 6-6386, was announced on July 23, 2007 and closed on August 6, 2007. Each of the Oklahoma City selections contained a Selective Placement Factor. Mr. Wagner worked with Mr. Pritchard in formulating what specific system knowledge needed to be included as Selective Placement Factors and be a part of the applicant's knowledge, skills, and ability set in order to be eligible for the respective position. Mr. Wagner determined plaintiff did not meet the Selective Placement Factor for three of the six Oklahoma City

---

[2] The PSG consisted of three branches, each with different functions and each supervised by a manager subordinate to Mr. Morgan. Two of the three branches and their employees were located in Washington DC, and the third branch, its supervisor and its employees were located at the MMAC in Oklahoma City. The supervisory position selected was for one of the two Washington DC branches.

positions, VAs 1-4820, 2-5671, and 6-6386, and she was not referred as a qualified or eligible candidate for consideration by Mr. Pritchard for these positions.

Because five of the six Oklahoma City positions were opening and closing in the same time frame, Mr. Pritchard elected to form one panel of other managers to interview all of the qualified/eligible candidates for the Oklahoma City positions. Mr. Pritchard asked the manager interview panel to rank the candidates for each position in the categories of high, medium, and low, with high being the better of the group. The interview panel interviewed the qualified/eligible candidates, asking each candidate the same questions. The interview panel then ranked the candidates by position in categories.

For the sixth Oklahoma City position, VA 6-6386, Mr. Pritchard elected to utilize the same panel of managers as had been formed for the previous five positions, but added one additional manager to the panel. Mr. Pritchard and the panel members met and determined the interview questions to be asked, and the same questions were asked of each candidate for the position. For this position, rather than the candidates being ranked by category, they were ranked by points.

For all of the Oklahoma City positions, the highest ranked qualified/eligible candidate was selected. Plaintiff was not selected for any of these positions.

The Washington DC position, VA 7-5484, was announced on May 29, 2007 and closed on June 11, 2007. There were three qualified/eligible candidates referred for the position including plaintiff. Mr. Morgan utilized two panels of other managers to evaluate the qualified/eligible candidates and recommend a selectee for the position. The first panel evaluated and numerically ranked, lowest to highest, the qualified/eligible candidates' applications. The ranking was done pursuant to a Paper Review Criteria applied equally to all candidates. The second panel interviewed

the candidates, asking each qualified/eligible candidate the same questions and ranking the candidates numerically, lowest to highest. Based upon the results of both panels, Russell Green was the highest ranked candidate and recommended for the position. Mr. Morgan selected Mr. Green for the position.

On February 17, 2011, plaintiff filed the instant action alleging discrimination in relation to her non-selection for any of the supervisory positions. Defendant now moves for summary judgment.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   Discussion

In addressing plaintiff's discrimination claims, the Court, because plaintiff has not presented any direct evidence of discrimination, must apply the three-part test established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, plaintiff must establish a prima facie case of discrimination. Second, once plaintiff has established a prima facie case of discrimination, the burden shifts to defendant to articulate a legitimate, non-discriminatory reason for not selecting plaintiff for the position(s). *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1191 (10th Cir. 2000). Third, if defendant has provided a legitimate, non-discriminatory reason for not selecting plaintiff, the burden shifts to plaintiff to show that there is a genuine issue of material fact as to whether defendant's explanation is pretextual. *Id.*

Pretext can be established if the plaintiff shows either "that a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981) (citation omitted). The "relevant inquiry is not whether [the employer's] proffered reasons were wise, fair or correct, but whether [the employer] honestly believed those reasons and acted in good faith upon those beliefs." *Stover v. Martinez*, 382 F.3d 1064, 1076 (10th Cir. 2004). Further, the Tenth Circuit has cautioned courts as follows:

> We must proceed with caution when considering the relative merits of individual employees. The courts may not act as a super personnel department that second guesses employers' business judgments. Accordingly, minor differences between a plaintiff's qualifications and those of a successful applicant are not sufficient to show pretext. To show pretext, the disparity in qualifications must be overwhelming.

*Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1308-09 (10th Cir. 2005) (quotations and citations omitted). When reviewing a claim of pretext, a court must look at the facts as they appear to the

person making the employment decision. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1231 (10th Cir. 2000).

For purposes of this order, the Court will assume that plaintiff can establish prima facie cases of discrimination.[3] Defendant asserts that a fair selection process was used with all seven positions, whereby interviews by a panel of other managers were conducted, in which the same questions were asked of all the qualified/eligible candidates, afterward the panel ranked the qualified/eligible candidates, and the selecting official selected the individual who was the highest ranked. The Court finds defendant has met its burden to produce a legitimate, non-discriminatory reason for not selecting plaintiff for any of the positions.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has not submitted any evidence to create a genuine issue as to whether defendant's explanation is pretextual. In her response, plaintiff simply makes conclusory statements and suppositions regarding pretext, with absolutely no evidence submitted in support of her statements. While plaintiff asserts that she was more qualified than those individuals selected, plaintiff has presented no evidence regarding her qualifications or the qualifications of the individuals selected and has made absolutely no comparison of their qualifications, let alone shown that any disparity in qualifications is overwhelming. Further, "[i]t is the manager's perception of the employee's performance that is relevant, not plaintiff's subjective evaluation of [her] own relative performance." *Kelley v. Goodyear Tire & Rubber Co.*, 220 F.3d

---

[3]The Court would, however, note that for a number of plaintiff's discrimination claims, she would not be able to establish a prima facie case.

1174, 1178 (10th Cir. 2000) (internal quotations and citations omitted).  Thus, plaintiff's own self evaluation is not sufficient to show pretext.

Accordingly, the Court finds that defendant is entitled to summary judgment as to plaintiff's discrimination claims.

IV.     Conclusion

For the reasons set forth above, the Court GRANTS defendant's Motion for Summary Judgment in Employment Discrimination Case [docket no. 55].

**IT IS SO ORDERED this 25th day of September, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE