IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VIMALA AGRAWAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-164-M |
| | ) | |
| RAYMOND H. LAHOOD, Secretary, | ) | |
| U.S. Department of Transportation, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is plaintiff's Motion for New Trial, filed October 23, 2012. On November 6, 2012, defendant filed his response, and on November 16, 2012, plaintiff filed her reply. Based upon the parties' submissions, the Court makes its determination.

On September 25, 2012, prior to any trial in this case, the Court granted defendant's motion for summary judgment and entered judgment in favor of defendant and against plaintiff. Pursuant to Federal Rule of Civil Procedure 59, plaintiff now moves this Court for a new trial and to set aside the order granting defendant's motion for summary judgment.

Initially the Court must determine the basis for plaintiff's motion – whether it is based upon Rule 59(a)(1), Rule 59(e), or Rule 60. In her reply, plaintiff asserts that she is bringing her motion pursuant to Rule 59(a)(1) and that "[i]t should be clear that the Plaintiff is not proceeding under Rule 59(e). Nor is the Plaintiff proceeding under Federal Rule 60." Plaintiff's Reply to Opposition to Motion for New Trial [docket no. 96] at 3.

Rule 59(a)(1) provides:

> (a) In General.
>    (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues – to any party – as follows:

>   (A)  after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
>   (B)  after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

Fed. R. Civ. P. 59(a)(1).

In the case at bar, there was no jury trial or nonjury trial. Therefore, Rule 59(a)(1) is inapplicable. Rule 59(a)(1), therefore, provides no basis for plaintiff to be entitled to a new trial.

Although plaintiff has clearly set forth that she is not proceeding under Rule 59(e) or Rule 60, the Court finds that out of an abundance of caution and in the interest of justice, it will also analyze plaintiff's motion as if she were moving for reconsideration pursuant to Rule 59(e) or Rule 60. Grounds warranting a motion under Rule 59(e) or Rule 60 include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Having carefully reviewed the parties' submissions, the Court finds no grounds warranting reconsideration in the case at bar. Specifically, the Court finds no intervening change in the controlling law, no new evidence previously unavailable, and no need to correct clear error or prevent manifest injustice. The Court further finds it did not misapprehend the facts, it did not misapprehend plaintiff's position, and it did not misapprehend the controlling law. In her motion, plaintiff simply revisits issues that were addressed in the Court's September 25, 2012 Order, advances arguments that could have, and should have, been raised in her response to defendant's

motion for summary judgment, and includes the evidence that should have been submitted with her response to defendant's motion for summary judgment.

Accordingly, for the reasons set forth above, the Court DENIES plaintiff's Motion for New Trial [docket no. 92].

**IT IS SO ORDERED this 13th day of March, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE